# NO. 12-10-00131-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL DONAZE GARRETT, APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS, APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Donaze Garrett appeals his conviction for delivery of a controlled substance in an amount of less than one gram, with the punishment range enhanced by two prior convictions, for which he was sentenced to imprisonment for fifteen years and fined $5,000. In five issues, Appellant argues that the evidence is legally and factually insufficient to support his conviction and that the trial court erred in excluding evidence from the jury, denying two requests for mistrial, and denying a requested jury instruction. We affirm.

## BACKGROUND

Richard Conner worked as a confidential informant for the City of Nacogdoches Police Department. Before seeking work with the police department as a confidential informant, Conner had spent some time cultivating a friendship with Appellant because Conner believed Appellant sold drugs.

On March 26, 2009, Conner, supervised by officers from the Nacogdoches Police Department, attempted to purchase crack cocaine from Appellant. Conner was equipped with a button camera and an audio recording device when he made contact with Appellant. He eventually approached a vehicle occupied by Appellant and an unknown individual, and purchased crack

cocaine. Conner claimed that he purchased the crack cocaine from Appellant. However, the video from the button camera did not show the transaction, and the officers supervising Conner were unable to see the transaction.

On April 16, 2009, Conner, again supervised by the police, attempted once more to purchase crack cocaine from Appellant. This purchase occurred in a home. As with the previous purchase, Conner wore a button camera and an audio wire. Conner gave Appellant money in exchange for crack cocaine. A Nacogdoches police officer saw Appellant exit the house with Conner. Additionally, the video from the button camera showed Appellant, but the actual transaction was not clearly visible on the video.

After both purchases, the Nacogdoches police officers conducted a field test on the substance obtained by Conner, and both times, the substance was determined to be crack cocaine. The suspected crack cocaine was analyzed by an expert at the Texas Department of Public Safety crime lab in Tyler, who verified that it was crack cocaine.

Based on the two purchases of crack cocaine by Conner, Appellant was charged with two counts of delivery of a controlled substance in an amount of less than one gram. Appellant pleaded "not guilty," and the case proceeded to trial. The jury found Appellant "not guilty" of Count One (the March 26th transaction), but "guilty" of Count Two (the April 16th transaction). During the punishment phase of the trial, the State presented evidence that Appellant had previously been convicted of two felony drug offenses. After deliberating, the jury assessed a sentence of imprisonment for fifteen years and a fine of $5,000. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his second and third issues, Appellant argues that the evidence is legally and factually insufficient to support the trial court's judgment. Specifically, Appellant contends that the evidence is legally and factually insufficient to prove that he delivered crack cocaine and insufficient to corroborate Conner's testimony.

### Standard of Review

We initially note that the court of criminal appeals recently held that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal sufficiency standard and the *Clewis* factual

---

[1] *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).

2

sufficiency standard and overruled *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996) and its progeny. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality opinion). The court held that "the *Jackson v. Virginia* [legal sufficiency] standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *See id.* Accordingly, we will not consider independently Appellant's argument that the evidence is factually insufficient to support the verdict.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; *Brooks v. State*, 323 S.W.3d at 899. Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.* In the case at hand, to support Appellant's conviction for delivery of a controlled substance, the State must prove that Appellant knowingly delivered cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (Vernon 2010). "Deliver" means transfer, actually or constructively, to another. *Id.* § 481.002(8) (Vernon 2010).

Texas Code of Criminal Procedure, article 38.141 requires a conviction for delivery of a controlled substance on the testimony of a confidential informant to be "corroborated by other evidence tending to connect the defendant with the offense committed." TEX. CODE CRIM. PROC.

3

ANN. art. 38.141(a) (Vernon 2005). "Corroboration is not sufficient … if the corroboration only shows the commission of the offense." *Id.* art. 38.141(b). The corroboration requirement for confidential informants is analyzed in the same way as is the corroboration requirement for accomplice testimony. *Torres v. State*, 137 S.W.3d 191, 196 (Tex. App.–Houston [1st Dist.] 2004, no pet.). To determine whether the confidential informant testimony is corroborated, we must eliminate all confidential informant testimony and determine whether the inculpatory facts and circumstances in evidence tend to connect the appellant to the offense. *Id.* (citing *McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997)). The remaining evidence need not directly link the suspect to the crime, nor must it alone establish his guilt beyond a reasonable doubt; but rather, the nonconfidential informant evidence merely must tend to connect the suspect to the offense. *McDuff*, 939 S.W.2d at 613.

<u>Analysis</u>

Here, Conner was unequivocal in his testimony that Appellant delivered crack cocaine to him on April 16, 2009. Conner called Appellant and then went to a convenience store to purchase the crack cocaine. When Conner arrived and saw that Appellant was not there, he called Appellant, and Appellant told Conner to meet him at his girlfriend's house. Conner eventually found Appellant's girlfriend's house and made contact with Appellant. Appellant greeted Conner at the door and, in exchange for one hundred dollars, gave Conner crack cocaine that Appellant retrieved from a pill bottle. Conner then exited the house with Appellant.

In addition to Conner's testimony, the jury watched and heard video and audio recordings of the transaction. The jury heard from two police officers who testified that they searched Conner and his vehicle prior to the transaction. The police officers met with Conner shortly after the transaction and took the suspected cocaine from him. The video and audio recordings showed Conner entering his vehicle before the transaction and ended with the police officers taking the suspected cocaine from him after the transaction. The evidence showed that Conner made one other stop and that he talked to someone on the telephone at that time. The jury then saw Conner drive around a neighborhood, where he eventually stopped at a house and was greeted by Appellant. Daniel Johnson, a Nacogdoches city police officer, testified that he observed the transaction and recognized Appellant. When asked specifically who Conner transacted with on April 16, Johnson testified that it was Appellant. The substance purchased by Conner was field tested and determined

4

to be crack cocaine, and subsequently tested in a lab and verified to be crack cocaine. The cocaine weighed less than a gram.

Appellant's mother and current girlfriend testified. They stated that Appellant did not have a girlfriend in the neighborhood where Conner purchased the crack cocaine. They further testified that Appellant was working at the time, and if he was not working, he was with one or both of them.

It is for the jury to weigh the evidence and determine the credibility of the witnesses. *See*, *e.g.*, *Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). The jury saw fairly convincing evidence that Appellant was in the neighborhood at the time of the transaction, and Conner and Johnson identified Appellant as the person who provided Conner with the crack cocaine on April 16.

Having examined the aforementioned evidence in the light most favorable to the verdict, we conclude that the jury could have determined beyond a reasonable doubt that Appellant committed the offense of delivery of a controlled substance in an amount of less than one gram. Further, there is evidence, other than Conner's testimony, which connects Appellant to the offense and corroborates Conner's testimony. Therefore, we hold that the evidence is sufficient under the *Jackson v. Virginia* standard to support the jury's verdict. Appellant's second and third issues are overruled.

## EXCLUSION OF EVIDENCE

In his first issue, Appellant complains that the trial court erred by excluding evidence that Conner was arrested shortly before his trial for impersonating a peace officer.

### Standard of Review

Issues of admission or exclusion of evidence are reviewed under an abuse of discretion standard. *Erdman v. State*, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993). An abuse of discretion occurs when a trial court applies an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion. *DuBose v. State*, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996).

### Applicable Law

A party may not attack or support a witness's credibility by inquiring into specific instances

of the conduct of a witness, other than **conviction** of a crime as provided in rule 609. TEX. R. EVID. 608(b) (emphasis added). Although rule 608(b) seems to prohibit all inquiries into specific instances of conduct other than conviction of a crime, specific instances of conduct can be used to expose bias, correct any affirmative misrepresentations made on direct examination, or demonstrate lack of capacity. *See **Lagrone v. State***, 942 S.W.2d 602, 612–13 (Tex. Crim. App. App. 1997)[2]; ***Grant v. State***, 247 S.W.3d 360, 367 (Tex. App.–Austin 2008, pet. ref'd). A party may ask the witness or establish by public record that the witness has been **convicted** of a crime if the crime was a felony or involved moral turpitude and the court determines that the probative value of admitting the evidence outweighs the prejudicial effect to a party. TEX. R. EVID. 609 (emphasis added).

**Analysis**

Here, Appellant argues that evidence of Conner's arrest for impersonating a police officer was admissible under rule 609. We disagree. Conner was arrested shortly before Appellant's trial, but nothing in the record shows that Conner had been convicted of that offense at the time of Appellant's trial. Rule 609 allows a party to introduce evidence of a conviction, not an arrest. Appellant's proffered evidence is inadmissible under rule 609.

Appellant also fails to show the evidence admissible pursuant to an exception to rule 608(b). Although Appellant cited the exceptions to rule 608(b) in his brief, he does not argue that any of the exceptions apply. *See* TEX. R. APP. P. 38.1(h). Appellant argued to the trial court that the impersonating an officer arrest should be admissible because it violated one of the rules the police department set out for confidential informants. This is not an exception to rule 608(b), and our review of the record confirms that none of the exceptions apply. Conner's arrest occurred in late April or early May of 2010, more than a year after he had made purchases from Appellant. A pending criminal charge could, in the appropriate case, be a potential cause for bias if it could be reasonably suggested that the witness was beholden to the police. However, Appellant did not argue in the trial court and does not argue on appeal that the arrest made Conner a biased witness, and there was no evidence that he would receive favorable or more lenient treatment on his pending case in exchange for his testimony. The evidence was not necessary to correct any misrepresentations because Conner did not testify on direct examination that he was a police officer or that he had not been arrested. Finally, Conner's arrest does not show a lack of capacity.

---

[2] The ***Lagrone*** decision was based on the then extant Texas Criminal Rule of Evidence 608(b), but the language of that rule and the current Texas Rule of Evidence 608(b) are the same.

Because Appellant's proffered evidence is inadmissible under both rule 608(b) and rule 609, the trial court properly excluded the evidence of Conner's arrest for impersonating a peace officer. We overrule Appellant's first issue.

**FAILURE TO GRANT MISTRIAL**

In his fourth issue, Appellant argues that the trial court erred in denying his two motions for mistrial. Specifically, Appellant complains that two improper statements by a police officer during the punishment phase of the trial left the jury with a false impression and contributed to the sentence assessed by the jury.

## Applicable Law

A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard. ***Archie v. State***, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). Thus, we must uphold the trial court's ruling if it was within the zone of reasonable disagreement. ***Id.*** Mistrial is required "[o]nly in extreme circumstances, where the prejudice is incurable . . . ." ***Id.*** (quoting ***Hawkins v. State***, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)). A trial court grants a mistrial "to end trial proceedings when faced with error so prejudicial that 'expenditure of further time and expense would be wasteful and futile.'" ***Simpson v. State***, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting ***Wood v. State***, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)). Generally, a prompt instruction to disregard cures error associated with an improper question and answer. ***Simpson***, 119 S.W.3d at 272. The trial court must grant the mistrial only when the improper question and answer are clearly prejudicial and "of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." ***Id.*** (quoting ***Wood***, 18 S.W.3d at 648). In determining whether improper testimony warrants a mistrial, we balance (1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the misconduct. *See* ***Archie***, 221 S.W.3d at 700 (applying these factors to improper jury argument).

## Analysis

During the punishment phase of the trial, the State called Butch White, a police officer with the city of Nacogdoches. The State asked White about Appellant's reputation in the community, to which White responded, "Street level narcotics dealing." Appellant objected, and the trial court

sustained the objection. Appellant requested an instruction for the jury to disregard the testimony, and the trial court instructed the jury to disregard. Appellant then requested a mistrial. The trial court denied Appellant's motion for mistrial.

Later, the State asked White if he had personal knowledge of an investigation involving Appellant in 2006. White responded, "In 2005, I assisted the Deep East Texas Narcotics Task Force with a controlled purchase of cocaine from [Appellant]." The State had not given Appellant notice of this extraneous offense in its pretrial disclosure of evidence. Appellant asked to approach the bench. After the trial court sent the jury out of the courtroom, Appellant objected to the reference to the 2005 drug transaction. The trial court sustained the objection. Appellant requested the trial court to instruct the jury to disregard. Again, the trial court agreed to instruct the jury to disregard the testimony. Additionally, the trial court instructed the State to clarify for the jury that Appellant was not charged with any crime in 2006. Appellant made a second motion for a mistrial, and the trial court again denied Appellant's motion. The jury then returned to the courtroom. The trial court instructed the jury to disregard the matter that White testified about in 2005, and the State elicited testimony from White that Appellant had not committed a crime in 2006.

The State does not argue that White's testimony was proper. Instead, the State argues that White's testimony in these two instances was not of such a nature as to render a fair and impartial verdict impossible to reach. We agree.

First, while we do not condone the introduction of improper evidence, we do not believe this to be the kind of evidence that creates an incurable prejudice. *See **Archie***, 221 S.W.3d at 699. This is so, in part, because the evidence that should not have come before the jury was the officer's opinion that Appellant was a drug dealer and evidence of another drug transaction. This evidence is consistent with the evidence that was properly admitted including evidence of two drug transactions, one of which the jury did not find Appellant guilty of committing, and evidence of his two prior convictions for delivery of a controlled substance. Second, the trial court immediately responded with an instruction for the jury to disregard the evidence and an instruction for the State to clarify that Appellant had not committed a crime in 2006. Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses. ***Ovalle v. State***, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000).

The evidence that was improperly placed before the jury came during the punishment phase

8

of the trial. Appellant had been found guilty of one offense and confessed that he had two prior convictions for delivery of a controlled substance. In that context, the trial court's prompt and thoughtful remediative efforts were sufficient to cure the prejudice caused by the evidence that should not have come before the jury, and the trial court acted within its discretion in denying Appellant's two motions for mistrial. We overrule Appellant's fourth issue.

**JURY CHARGE**

In his fifth issue, Appellant contends that the trial court erred by refusing to instruct the jury to be skeptical of the testimony of a confidential informant.

**Applicable Law**

In criminal jury trials, the trial court must deliver "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). Because the charge instructs the jury on the law applicable to the case, it must contain an accurate statement of the law and set out all essential elements of the offense. *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). A defendant must be given an opportunity to examine the charge and object to any errors of commission or omission. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 36.15 (Vernon 2006). A defendant further may request additional instructions either in writing or dictated to the court reporter in the presence of the court and the state's counsel before the reading of the court's charge to the jury. *Id.*

Where an appellant has properly preserved an issue for review, we must ascertain if error actually occurred. *See Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998). If error occurred and was properly preserved, reversal is required if the error was calculated to injure the rights of the defendant. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). In other words, an error that has been properly preserved will require reversal only if the error is not harmless. *Id.* We evaluate the issue of harm "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id.*

**Analysis**

Appellant argues that the trial court erred in not giving the following instruction taken from the federal court system:

9

The testimony of a confidential informant, and the testimony of one who provides evidence against a defendant as a confidential informer for pay or for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

Instead, the trial court utilized Texas law when instructing the jury. The jury was instructed as follows:

A defendant cannot be convicted of the offense charged on the uncorroborated testimony of a person who is not a licensed peace officer or a special investigator but who was acting covertly on behalf of a law enforcement agency or under the color of law enforcement.

The testimony of [Conner] must be corroborated.

In order to find a person guilty of the offense of delivery of a controlled substance, the proof (if any) of an offer to sell must be corroborated by:
      (1) a person other than the person to whom the offer is made, or
      (2) evidence other than a statement of the person to whom the offer is made.

If you find no such corroboration, then you shall find the defendant "not guilty."

The other evidence required to corroborate the testimony of [Conner] is not sufficient if it merely shows the commission of the offense.

Appellant has not presented us with, and we have not found, any Texas authority for the jury instruction he proposed. In fact, this court has previously held that a similar instruction is a violation of longstanding Texas law forbidding the trial court from commenting on the credibility of a witness. *See Lee v. State*, No. 12-05-00359-CR, 2007 Tex. App. LEXIS 977, at *26–31 (Tex. App.–Tyler, Feb. 9, 2007, no pet.) (mem. op., not designated for publication). The trial court included an accurate statement of Texas law regarding the requirement for corroboration of a confidential informant's testimony. Texas law requires nothing further. Consequently, Appellant has failed to show error in the trial court's charge. Appellant's fifth issue is overruled.

## CONCLUSION

We have overruled Appellant's five issues. However, we note the judgment lists the offense

10

date as March 26, 2009, instead of April 16, 2009.  We have the authority to modify a judgment to speak the truth when we have the necessary information before us to do so.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.–Dallas 1991, pet. ref'd).  Therefore, we modify the trial court's judgment to show the date of offense is April 16, 2009, and *affirm* the judgment *as modified*.


**BRIAN HOYLE**
Justice


Opinion delivered January 19, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

11